

# Fourth Court of Appeals
## San Antonio, Texas

May 13, 2022

No. 04-22-00239-CV

**AMERICAN MEDICAL HOME HEALTH SERVICES, LLC,** Hub City Home Health, Inc. d/b/a American Medical Home Health Services, American Medical Home Health Services San Antonio, LLC, American Medical Hospice Care, LLC, American Medical Palliative Support, LLC, Magdalena (Maggie) Clemente, Rene Estrada, and Gina Trevino,
Appellants

v.

**LEGACY HOME HEALTH AGENCY, INC**. and Legacy Home Care Services, Inc. d/b/a All Seasons Home Care, Inc.,
Appellees

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2020-CI-09053
Honorable Monique Diaz, Judge Presiding

# O R D E R

Appellants seek to appeal three interlocutory orders signed by the Honorable Monique Diaz on April 4, 2022: (1) an order granting plaintiffs' motion for continuance, for entry of a modified scheduling order and to extend pending temporary injunctions; (2) an order extending a June 4, 2020 agreed temporary injunction; and (3) an order extending a November 30, 2020 modified temporary injunction.

An appeal may be taken from a final judgment disposing of all legal issues between all parties or an appealable interlocutory order allowed by statute. *Jack B. Anglin Co. Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a). An order granting a motion for continuance or for entry of a modified scheduling order is not a final judgment, nor is it an appealable interlocutory order. *See Lee v. Haynes & Boone, LLP*, No. 05-03-00270-CV, 2003 WL 1650090, at *1 (Tex. App.—Dallas Mar. 31, 2003, no pet.) (mem. op.) (per curiam). But a party may appeal from an interlocutory order of the trial court that "grants or refuses a temporary injunction or grants or overrules a motion to dissolve a temporary injunction." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4). "Texas courts have construed this provision to allow interlocutory review of an order making a substantive modification to a temporary injunction." *Am. Med. Home Health Servs., LLC v. Legacy Home Health Agency, Inc*., No. 04-20-00494-CV, 2022 WL 946521, at *11 (Tex. App.—

San Antonio Mar. 30, 2022, no pet. h.) (mem. op.). The trial court's orders extending the injunctions do not appear to make substantive modifications of the previous injunctions. *See id.* (holding previous extension orders in this same case "fall outside the ambit of Section 51.014(a)(4), and we have no jurisdiction to review them"). It appears this court lacks jurisdiction to review these interlocutory orders.

We therefore **ORDER** appellants to show cause in writing **by May 31, 2022** why this appeal should not be dismissed for lack of jurisdiction. The briefing schedule is suspended pending our determination of whether we have jurisdiction over this appeal.

_____
Beth Watkins, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 13th day of May, 2022.

_____
MICHAEL A. CRUZ, Clerk of Court